**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID JAMES STERN,[1]
      Appellant,

      v.

DEPARTMENT OF DEFENSE,
      Agency.

DOCKET NUMBER
DC-0752-13-5520-I-1

DATE: July 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>David Pardo</u>, Esquire, Albuquerque, New Mexico, for the appellant.

<u>Dorothy Campbell</u> and <u>Samuel Frank Lazzaro, Jr.</u>, Ft. Meade, Maryland,
    for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this

---

[1] Pursuant to 5 C.F.R. § 1201.36(a)(1), this appeal was part of a consolidation. *Defense Information Systems Agency v. Department of Defense*, MSPB Docket No. DC-0752-14-0622-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    On May 29, 2013, the agency issued a Notice of Proposed Furlough informing the appellant, an Electronics Engineer, that he would be furloughed for no more than 11 workdays due to "the extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013." Initial Appeal File (IAF), Tab 1 at 10-11. The proposal notice informed the appellant that he could respond orally and/or in writing to the agency's deciding official or request to review the agency's supporting material within 7 days of his receipt of the proposal letter. *Id.* at 11. The appellant emailed a response to the deciding official 1 day after the end of the 7-day reply period. IAF, Tab 8 at 20-24. By written notice dated June 24, 2013, the deciding official informed the appellant that he would be furloughed as outlined in the proposal notice. IAF, Tab 1 at 12-14. The decision letter did not address the

appellant's written response to the proposal notice. *Id.* The record includes a Standard Form 50 reflecting the appellant's furlough, effective July 8, 2013, on discontinuous days between July 8, 2013, and September 30, 2013. *Id.* at 7-9. In a memorandum dated August 14, 2013, the agency informed the appellant that it was reducing the length of the furlough to 6 days. IAF, Tab 25 at 9-10.

¶3    The appellant filed a Board appeal challenging the agency's furlough action and he requested a hearing. IAF, Tab 1. He alleged, among other things, that the agency violated his due process rights and committed harmful procedural error. *Id.* at 5; IAF, Tab 11 at 6-10, Tab 20 at 6-10. In a furlough procedures order, the administrative judge informed the appellant that his appeal had been consolidated with the appeal of a similarly situated employee. *Defense Information Systems Agency v. Department of Defense*, MSPB Docket No. DC-0752-14-0622-I-1, Consolidated Appeal File (CAF), Tab 1.

¶4    After holding a hearing, the administrative judge issued an initial decision affirming the furlough action. CAF, Tab 15, Initial Decision (ID) at 1, 13. She found that the agency's furlough was a reasonable management solution to the shortage of funds caused by sequestration and that the agency implemented the furlough in a fair and even manner. ID at 2-8, 12-13. She further found that the appellant failed to prove his affirmative defenses of a violation of due process or harmful procedural error. ID at 8-12.

¶5    The appellant has filed a petition for review arguing that the agency violated his due process rights because the agency's deciding official did not consider his reply to the proposed furlough. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the agency established that the appellant was furloughed for cause that promotes the efficiency of the service.</u>

¶6      An agency satisfies the efficiency of the service standard in a furlough appeal by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013).   The administrative judge found that the agency's furlough was a reasonable management solution to the shortage of funds caused by sequestration and that the agency conducted the furlough in a fair and consistent manner.  ID at 2-8, 12-13. Because the appellant does not contest these findings on review, and based on our review of the record, we decline to disturb them.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions).

<u>The administrative judge properly found that the appellant failed to establish a due process violation.</u>

¶7      In contesting the administrative judge's determination that the agency did not violate the appellant's right to due process, the appellant argues that the deciding official failed to consider his response to the proposal notice.  PFR File, Tab 1 at 4-9, Tab 4 at 4-7.  The administrative judge found that the agency afforded the appellant due process because he received a predecisional opportunity to respond to the proposed furlough and remained entitled to a full post-furlough hearing before the Board.  ID at 10-11.  She further found that the 7-day reply period allowed him a meaningful opportunity and a reasonable time to respond, and thus was constitutionally sufficient.  ID at 11.

¶8      Here, 5 U.S.C. §§ 7512(5) and 7513(a) create a legitimate claim of entitlement to retention in a pay status, and thus a property interest, that

conditions placement of an employee in a temporary status without duties and pay on such cause as will promote the efficiency of the service. *Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶¶ 13-14 (2014). Having found that the appellant has a property interest at stake in this case, the question remains as to what process is due, and whether the procedure that the agency applied satisfied the mandates of due process. *Id.*, ¶ 14.

¶9       Due process is a flexible concept that calls for such procedural protections as the particular situation demands. *See, e.g.*, *Gilbert v. Homar*, 520 U.S. 924, 930-32 (1997); *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶¶ 16, 19 (2014); *Gajdos*, 121 M.S.P.R. 361, ¶ 18. In this case, the agency provided the appellant with 7 days to respond orally and/or in writing to the deciding official before deciding on his furlough, and the record shows that this was a meaningful and adequate opportunity to respond. IAF, Tab 1 at 11. Thus, it is clear that the agency afforded the appellant pre-deprivation notice and a meaningful opportunity to respond, which is clearly sufficient. *See Gajdos*, 121 M.S.P.R. 361, ¶¶ 14, 18; *see also Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 13 (2015).

¶10      The appellant argues that the administrative judge erroneously failed to apply the appropriate Board law as established in *Hodges v. U.S. Postal Service*, 118 M.S.P.R. 591 (2012). PFR File, Tab 1 at 7-9, Tab 4 at 6. In *Hodges*, the Board held that the deciding official's complete failure to consider the appellant's written response to the notice of proposed reduction in grade before issuing a decision constituted a violation of minimum due process of law. *Hodges*, 118 M.S.P.R. 591, ¶ 6. However, *Hodges* is distinguishable because the appellant there timely filed his response to the proposal notice, *id.*, ¶ 5, whereas the appellant in this case submitted his response after the end of the 7-day reply period, *see* IAF, Tab 1 at 10-11, Tab 8 at 20-24; ID at 10.

¶11     The appellant further asserts that "the issue of whether [he] was given sufficient time to provide a reply is distinct from whether that reply was considered." PFR File, Tab 1 at 9. In this case, however, the appellant has not disputed that his response to the proposed furlough was untimely submitted or otherwise shown that the 7-day reply period was constitutionally insufficient. We agree with the administrative judge that the agency provided due process through its proposal notice and a 7-day reply period. *See* ID at 9-11; *see, e.g.*, *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 685-86 (1991) (finding that a 5-day period to respond to a notice of proposed separation afforded the appellant minimum due process). Further, our reviewing court has stated that "[a]n *opportunity to present* [a reply] is quite different from a *presentation in fact*." *Darnell v. Department of Transportation*, 807 F.2d 943, 945 (Fed. Cir. 1986) (emphasis added). Finally, the appellant alleges that the agency has not proven that it was prejudiced by his delay, and that he has shown good cause for the delay. PFR File, Tab 4 at 4-5. We find that these considerations are immaterial to whether the opportunity to reply was constitutionally sufficient.

The administrative judge properly found that the appellant failed to establish harmful procedural error.

¶12     Although we find no due process violation, we still must determine whether the agency committed a harmful procedural error. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377-78 (Fed. Cir. 1999) (observing that, in addition to the right to due process, "[p]ublic employees are . . . entitled to whatever other procedural protections are afforded them by statute, regulation, or agency procedure"); *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 9 (2015). The administrative judge found that the appellant failed to establish that the agency committed a procedural error or that any such error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. ID at 11-12. The appellant has not

contested the administrative judge's finding on review, and we discern no reason to disturb it.  *See Crosby*, 74 M.S.P.R. at 105-06.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.